IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD FRANCIS BOONE** | : | CIVIL ACTION |
| v. | : | NO. 12-0904 |
| **STATE OF CALIFORNIA, et al** | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                           November 1, 2012

In this *pro se* action, the plaintiff, Richard Francis Boone ("Boone"), challenges a support order issued by a California court and enforced by a Pennsylvania court.[1] He claims that Butte County Superior Court wrongfully ordered him to pay child support, and the County of Delaware wrongfully enforced the order. He has named as defendants the State of California and the County of Butte, which initiated the child support proceedings; the County of Delaware, which enforced the Butte County child support order; and Patricia Coleman, the child's maternal grandmother and custodian. Boone claims that the governmental defendants abused their discretion and maliciously executed the child support order against him. His sole allegation against Coleman is that she falsely claims to be the child's grandmother.

The defendants have filed motions to dismiss the complaint. They raise improper service, lack of subject matter jurisdiction and failure to state a claim. Boone responded to the motions by filing a motion to quash, in which he reiterates the claims in his complaint. He argues that the defendants engaged in a conspiracy against him and wrongfully ordered him to pay child support for a child who is not his.

---

[1] Plaintiff's complaint does not state that it is filed under 42 U.S.C. § 1983. However, in light of our deferential review, we shall construe the complaint as intending to state a claim under § 1983.

Boone is attacking the validity of the California court's support order. In effect, he improperly attempts to appeal the order in federal court. Thus, his complaint will be dismissed because there is no federal subject matter jurisdiction.

## Background[2]

As best as can be discerned from the plaintiff's complaint, the alleged facts are as follows.

In 1996, the Butte County Department of Child Support Services initiated an action against Boone, as the father of Taylor Boone, for child support. In 2000, the Butte County Superior Court determined that Boone is the father of the child and ordered him to pay child support. Boone, incarcerated in California at the time, contested paternity.

Following his release from prison, Boone moved to Delaware County, Pennsylvania. Pursuant to the Uniform Interstate Family Support Act, enforcement action was taken in the Delaware County Court. According to Boone, in 1999, while he was contesting paternity, a lien was placed on his home, and he and his wife were threatened and harassed.

On April 27, 2005, Boone filed an action in this court, alleging that Patricia Coleman misled the Butte County Department of Child Services regarding Boone's paternity and he was wrongfully ordered to pay child support. *Boone v. State of California, et al.*, No. 05-CV-1991 (E.D. Pa. 2005). That federal action was dismissed for lack of subject matter jurisdiction on July 11, 2005. Seven years later, he filed this action, alleging the same claims.

---

[2] In light of the motion to dismiss standard, the facts are presented in the light most favorable to the plaintiff and all inferences are drawn in his favor.

**Motion to Dismiss Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) attacking the court's jurisdiction is treated the same as a Rule 12(b)(6) motion. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). However, a jurisdictional motion challenging the factual underpinnings of a court's jurisdiction under Rule 12(b)(1) requires less deference to the plaintiff's complaint. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). Because a "factual attack" in a Rule 12(b)(1) motion to dismiss addresses the court's power to hear the case, there is no presumption of truthfulness and we may consider materials outside the complaint to satisfy ourselves that the exercise of federal jurisdiction is proper. *Id.* at 139, 145.

The plaintiff has the burden of persuading the court that it has jurisdiction. *Gould*, 220 F.3d at 178. However, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). Consistent with the deferential standard, we shall keep Boone's *pro se* status in mind when we examine the facts relevant to subject matter jurisdiction under Rule 12(b)(1). *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 n.16 (3d Cir. 1977)) (noting that there is a flexible form of the jurisdictional inquiry at the trial court level).

**Analysis**

*Preclusive Effect of Earlier Action*

The present action is no different than the one we dismissed for lack of subject matter jurisdiction seven years ago. Despite having been given the opportunity to file a more definite statement of his claim and a statement providing a basis for federal jurisdiction in the earlier action, Boone did not do so. The judgment dismissing Boone's earlier action does not preclude him from litigating the same cause of action in a court of competent jurisdiction. However, it does preclude his bringing the same action in the same court that dismissed his case for lack of subject matter jurisdiction. *See Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 212-13 (3d Cir. 1997) (holding that once the district court determined that it lacked subject matter jurisdiction over the plaintiff's claims, that determination had a preclusive effect); *see also Agcaoili v. Wiersielis*, 273 Fed. Appx. 138, 139 (3d Cir. 2008) (holding that a prior dismissal for lack of subject matter jurisdiction has a preclusive effect on the present jurisdictional issue) (citing *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) (holding that the preclusive effect of a dismissal for lack of subject matter jurisdiction is limited to future litigation of that ground of dismissal)). Therefore, for this reason alone, this later action must be dismissed.

Even if this later action was not precluded by the earlier one, both the *Rooker-Feldman* doctrine and the domestic relations exception also deprive the federal court of subject matter jurisdiction.

*The* Rooker-Feldman *Doctrine*

The *Rooker-Feldman* doctrine deprives a federal district court of subject matter jurisdiction over an action seeking to appeal and reverse a state court decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). Therefore, a federal court may not consider a claim that would require either determining that the state court judgment was erroneously entered or reversing it. *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005) (internal citations omitted). The doctrine applies not only to decisions of a state's highest court, but to all final decisions of lower state courts. *FOCUS v. Allegheny Cnty. Ct. Com. Pl.*, 75 F.3d 834, 840 (3d Cir. 1996).

The *Rooker-Feldman* doctrine applies where: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotations and brackets omitted), *cert. denied*, __ U.S. __, 131 S.Ct. 1798 (2011). The second and fourth factors are critical in determining whether a federal suit presents an independent, non-barred claim. *Id.*

All four requirements are met here. Boone disputes that Taylor is his daughter. He claims he has no legal obligation to pay child support for a child that is not his. These issues were resolved in the Butte County Superior Court more than a decade ago. Having lost in state court, Boone cannot now complain of any injury caused by that state court judgment. Nor can he seek relief that would nullify that judgment. *Exxon Mobil Corp.*, 544 U.S. at 284; *Knapper*, 407 F.3d at 582. In other words, Boone

may not seek relief that requires a predicate finding that the state court's judgment was wrongfully entered.

*The Domestic Relations Exception*

Boone cannot invoke subject matter jurisdiction based upon diversity of citizenship. The domestic relations exception deprives this court of jurisdiction.

In *Elk Grove Unified School District v. Newdow*, the Supreme Court observed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  542 U.S. 1, 12 (2004) (internal citations omitted); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."). Thus, federal courts have declined to hear cases involving various elements of the domestic relationship, including suits for divorce, alimony, and child custody actions, *see Marshall v. Marshall,* 547 U.S. 293, 308 (2006); suits to establish paternity and to obtain child support, *Albanese v. Richter*, 161 F.2d 688, 689 (3d Cir. 1947), *cert. denied*, 332 U.S. 782 (1947) (federal district courts may not exercise diversity jurisdiction over a suit to enforce a father's obligations to his child); and other matters deemed to involve domestic relations. *Newdow*, 542 U.S. at 13.

In this case, Boone attacks the child support order.[3]  He presents a family law issue that is within the purview of the domestic relations exception. Hence, the federal court lacks subject matter jurisdiction over Boone's claim.

---

[3] Boone contradicts himself in his complaint. He first asserts that he has no child in California. Simultaneously, he contends that his daughter has been missing since 2008 and "the court has neglected to seek her presence and substantiate [his] charge to care for her as her parent who has every right and responsibility to do so." *Compl.* at 3.

**Conclusion**

The dismissal of Boone's earlier action for lack of jurisdiction, the *Rooker-Feldman* doctrine, and the domestic relations exception bar this action for lack of subject matter jurisdiction.  Therefore, the motions to dismiss will be granted.